**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 11-55 |
| | ) | |
| FREDERICK DEVON JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

### I.      Introduction

Pending before the court is a motion for early termination of supervised release filed by counsel for defendant Frederick Jackson ("Jackson") (ECF No. 36).  Jackson argues that his term of supervised release should be terminated because he has remained clean and sober, earned a CDL license and obtained a good job, and complied with all conditions of supervised release.  The government filed a response in opposition (ECF No. 38), contending that early termination of Jackson's term of supervised release is not in the interest of justice or warranted by the factors set forth in 18 U.S.C. § 3553(a).  Jackson's motion for early termination of supervised release is fully briefed and ripe to be decided by the court.  For the reasons set forth in this opinion, Jackson's motion for early termination of supervised release will be denied.

### II.      Procedural History

On March 3, 2011, Jackson pleaded guilty to counts 1 through 4 of an information, which charged him with:  (counts 1 and 2) possession with intent to distribute 5 grams or more of cocaine base; (count 3) possession with intent to distribute

less than 50 kilograms of marijuana; and (count 4) possession of a firearm in furtherance of drug trafficking.  The guilty plea was made pursuant to a written plea agreement, in which the government agreed to not file a § 851 Information about Jackson's three prior felony drug convictions.  If the government had filed the § 851 Information, the statutory mandatory minimum term of imprisonment would have been 10 years at each of counts 1 and 2; and he would have been deemed an Armed Career Criminal pursuant to 18 U.S.C. § 924(c), which would have triggered a 15-year statutory mandatory minimum consecutive sentence at count 4.  The § 851 Information would have increased the statutory mandatory minimum term of supervised release at counts 1 and 2 to 8 years.

Jackson's advisory guideline range, as determined in the presentence report ("PSI") was 292 to 365 months in prison.  (ECF No. 9).  On June 24, 2011, the court sentenced Jackson to a term of imprisonment of 86 months at counts 1 and 2, 60 months at count 3 to run concurrent; and 60 months at count 4 to run consecutive, for a total of 146 months of imprisonment.  The sentence represented a significant – over 17 years – downward variance from the advisory guideline range.

The court sentenced Jackson to a term of supervised release of 5 years at counts 1, 2 and 4, and 2 years at count 3, all to run concurrent.  Jackson began his term of supervised release on July 19, 2019.  Jackson has completed roughly 60% of his term of supervised release.

"Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release."  United States v. Williams, No. CRIM.A. 02-216, 2006 WL 618849, at *1 (E.D. Pa. Mar. 13, 2006).  The court again

reviewed Jackson's PIR, prepared in May 2011.  Jackson did not submit evidence of his continued employment and rehabilitative efforts while on supervised release.  The court accepts his representations with respect to his compliance with the conditions of release, but notes that the probation officer reported a violation in October 2020, when Jackson traveled outside the district without permission (ECF No. 32).

### III.    Discussion

#### A.  Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

> – the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

---

[1]    Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011).  It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52-53. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors.  Id.

The Third Circuit Court of Appeals clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen

circumstances ***must*** be shown." <u>Id.</u> (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." <u>Id.</u> The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." <u>Id.</u> (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1), to the extent possible, to determine whether early termination of Jackson's term of supervised release is warranted by his conduct and in the interest of justice.

### B.  Section 3553(a) Factors

#### 1.  The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Jackson's crimes involved serious drug and firearm offenses which posed a significant danger to the community.  Jackson had at least three prior felony drug convictions and would have qualified as an Armed Career Criminal but for the government's agreement to not file a § 851 Information.  Jackson was characterized as a career offender under the guidelines.  The court granted a significant downward variance in Jackson's term of imprisonment.  The total term of supervised release of 5 years was below the mandatory minimum term of supervised release of 8 years that would have been required by statute if the government had filed the § 851 Information.

---

[2]     The court of appeals explained that the language in <u>United States v. Laine</u>, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent.  <u>Melvin</u>, 2020 WL 6108619 at *3.

The court is encouraged by the excellent report about Jackson's conduct while on supervision.  He is to be commended for remaining gainfully employed, drug-free, paying child support, spending time with his son, and complying with the conditions of release.  The court encourages Jackson to remain on this law-abiding path.

Based upon the information presented to this court, Jackson has led a law-abiding life since his release from imprisonment. The serious nature of his crimes and his criminal history, however, weigh against the early termination of his supervised release.  As the government points out, the fact of his compliance may reflect that supervision is serving its deterrent and rehabilitative purposes.

   **2.  The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)**

Jackson has already received the benefit of a significant reduction in his term of imprisonment.  A lengthy term of supervision deters criminal conduct and protects the public from further crimes by a defendant, especially in light of Jackson's criminal history involving multiple felony drug and firearm convictions.  Under those circumstances, early termination of Jackson's supervision is not warranted.

   **3.  The sentencing range established by the Sentencing Commission, § 3553(a)(4)**

The original advisory guideline range for imprisonment would have been 292-365 months.  Had the court implemented a guideline sentence, Jackson would still be in prison.  The advisory guideline range for a term of supervised release was 4-5 years, but the minimum term at counts 1 and 2 would have been 8 years if the government had

filed a § 851 Information. There is no evidence that this factor warrants early termination of supervised release.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

The parties did not discuss any pertinent policy statements. The court notes that Jackson received a significant benefit from the plea agreement, and the downward variance in his prison term, which the court weighed heavily in imposing a 5-year term of supervised release.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

There is no evidence that Jackson's term of supervised release should be terminated to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, particularly in light of the significant benefits he has already received.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

This factor is not applicable.

### C. Whether early termination is warranted and in the interest of justice

In support of his motion, Jackson asserts that he abided by all conditions of supervised release. Compliance with the conditions of supervision, including refraining from engaging in criminal conduct, is *required* behavior while serving a term of supervised release. United States v. Banks, No. 04-176, 2015 WL 926534, at *4 (W.D. Pa. Mar. 4, 2015) (citing United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant's] post-incarceration conduct is apparently unblemished,

7

this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.")). The fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Jackson did not articulate any particular hardship that he experiences due to the terms of his supervision.  If there is a particular adverse impact, Jackson should explore with his probation officer whether his conditions can be modified to address his concern. Jackson's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crimes and criminal record, and the need to deter criminal conduct, the interests of justice are best served by him completing his term of supervised release.

## IV.    Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 36).

An appropriate order follows.


Dated: July 15, 2022                          BY THE COURT:

                                              /s/ JOY FLOWERS CONTI
                                              Joy Flowers Conti
                                              Senior United States District Judge